IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A. D. PERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-5775 |
| | § | |
| INTERNATIONAL LONGSHOREMEN'S | § | |
| ASSOCIATION, LOCAL UNION | § | |
| NO. 1351, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, A. D. Perry, brings this action against defendant, International Longshoremen's Association, Local Union No. 1351 (Local 1351), for failure to credit his seniority hours under the Employee Retirement Income Security Act (ERISA) codified at 29 U.S.C. §§ 1001-1461, the Declaratory Judgment Act, 28 U.S.C. § 2201, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.[1]  Pending before the court are Defendant's Third Motion for Summary Judgment (Docket Entry No. 34), Plaintiff's Response to Defendant's Third Motion for Summary Judgment (Docket Entry No. 37), and Defendant's Reply to Plaintiff's Response (Docket Entry No. 38).  For the reasons explained below, defendant's motion will be granted.

---

[1]Plaintiff's Second Amended Complaint, Docket Entry No. 33.

## I. Standard of Review

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles the movant to judgment. Fed. R. Civ. P. 56(c). The movant bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the record], which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986). Disputes about material facts are genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986).

Once the movant demonstrates the absence of a genuine issue of material fact, the "adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Entry of summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 106 S.Ct. at 2552. Factual controversies are to be resolved in favor of the nonmovant

"only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

## II. **Factual and Procedural Background**

The following facts are undisputed: Plaintiff, Austin Perry, a member of Local 1351, worked for J.J. Flanagan Shipping Container Yard (J.J. Flanagan) from 1997 to 2005, initially as a clerk/checker. In February of 2000 plaintiff was promoted to superintendent of the Stevedoring Container Yard. As a result of this promotion, plaintiff was informed by a September 17, 2001, letter from Local 1351's president, Derryl Wood, that plaintiff would not accrue seniority hours after September 21, 2001, because of his position as superintendent. Plaintiff unsuccessfully appealed this decision to the Local 1351 executive board. Throughout this period, and until plaintiff's employment terminated, J.J. Flanagan continued to make appropriate benefit payments to the Maritime Association ILA Trust Funds on Perry's behalf.[2]

The evidence submitted establishes the following facts: Local 1351 is a labor organization representing workers who perform clerical functions at the Port of Houston.[3] J.J. Flanagan,

---

[2]Deposition of A.D. Perry, pp. 8-9, contained in Defendant's Appendix to its Third Motion for Summary Judgment, Docket Entry No. 35, Tab A.

[3]Deposition of James Alexander, pp. 30, 32-33, contained in Defendant's Appendix to its Third Motion for Summary Judgment, Docket Entry No. 35, Tab B.

-3-

plaintiff's employer, is a member of the West Gulf Maritime Association (WGMA), a multi-employer bargaining group.[4] Local 1351 engages in collective bargaining with the WGMA.[5] Local 1351 is affiliated with the South Atlantic and Gulf Coast District of the International Longshoremen's Association (ILA).[6]

WGMA and ILA jointly administer the Maritime Association ILA Trust Funds (the Funds).[7] The Funds are an employee welfare benefit plan governed by ERISA and are multi-employer trust funds administered under the Taft-Hartley Act, 29 U.S.C. § 186(c)(5)(B).[8] The Funds are a separate entity from both WGMA and ILA. The Funds' purpose is to disburse pension, retirement, welfare, and vacation fund benefits to eligible participants.[9] Members of Local 1351 receive their retirement and other benefits from the Funds. Local 1351 does not sponsor an ERISA fund of its own.[10]

---

[4]Plaintiff's Response to Defendant's Third Motion for Summary Judgment, Docket Entry No. 37, p. 3.

[5]Deposition of James Alexander, p. 30, contained in Defendant's Appendix to its Third Motion for Summary Judgment, Docket Entry No. 35, Tab B.

[6]Id. at 31.

[7]See Deposition of Martha Morgan, p. 24, contained in Defendant's Appendix to its Third Motion for Summary Judgment, Docket Entry No. 35, Tab C.

[8]Id.

[9]Id. See also Deposition of James Alexander, p. 36, contained in Defendant's Appendix to its Third Motion for Summary Judgment, Docket Entry No. 35, Tab B.

[10]Id.

Local 1351's collective bargaining agreement with WGMA sets up "hiring halls," which provide worker referrals to WGMA employers seeking employees.[11] The hiring halls operate on a seniority system.[12] The seniority system separates workers into classes, and the class a worker falls under affects the availability of employment to the worker.[13] A worker's classification under the hiring hall rules for seniority does not determine a worker's benefits under the Funds.[14]

Defendant first moved for summary judgment in January of 2005.[15] The court held a hearing on March 18, 2005, and struck the motion to allow both parties to conduct discovery. Local 1351 filed a second Motion for Summary Judgment on May 5, 2005.[16] The

---

[11]Local 1351's Collective Bargaining Agreement, pp. 3-4, contained in Defendant's Appendix to its Third Motion for Summary Judgment, Docket Entry No. 35, Tab E-1.

[12]Hiring Hall Rules for ILA Local 1351, p. 1, contained in Defendant's Appendix to its Third Motion for Summary Judgment, Docket Entry No. 35, Tab B-1.

[13]Deposition of James Alexander, pp. 17-18, contained in Defendant's Appendix to its Third Motion for Summary Judgment, Docket Entry No. 35, Tab B.

[14]Id. See also Deposition of Martha Morgan, p. 17, contained in Defendant's Appendix to its Third Motion for Summary Judgment, Docket Entry No. 35, Tab C; Maritime Association-ILA Retirement Plan, contained in Plaintiff's Response to Defendant's Third Motion for Summary Judgment, Docket Entry No. 37, Tab G. Although plaintiff disputes the evidence that seniority for hiring hall purposes has no effect on ERISA benefits, he has not submitted any evidence to the contrary.

[15]Defendant's Motion for Summary Judgment, Docket Entry No. 13.

[16]Defendant's Second Motion for Summary Judgment, Docket Entry No. 25.

court held a hearing on the motion, ordering plaintiff to file an amended complaint alleging: (1) the legal basis for each benefit the plaintiff alleges he has lost, (2) some act of the defendant that caused the actual loss to plaintiff, (3) proof that substantiates plaintiff's loss, and (4) facts that show how defendant's conduct violated some legally recognized right of plaintiff. Defendant was ordered to file an amended motion for summary judgment based on plaintiff's amended complaint. Plaintiff filed its amended complaint, and defendant subsequently filed its third motion for summary judgment.

### III. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on three grounds: first, because plaintiff's claim for breach of the duty of fair representation (DFR) under the Labor Management Relations Act (LMRA) is time-barred; second, because Local 1351 is not a proper defendant under ERISA because it is not the Plan Administrator and neither possesses nor controls the Funds; and third, because plaintiff has not actually incurred any ERISA damages.[17]

### A. Duty of Fair Representation

Plaintiff's Second Amended Complaint alleges federal jurisdiction under 29 U.S.C. § 185.[18] Although plaintiff does not

---

[17]Defendant's Third Motion for Summary Judgment, Docket Entry No. 34, pp. 2-3.

[18]Plaintiff's Second Amended Complaint, Docket Entry No. 33, p. 1 ¶ 1.

-6-

state that his claim is for breach of the duty of fair representation, his Second Amended Complaint and pleadings appear to assert it.[19] Claims brought under 29 U.S.C. § 185 are subject to a six-month statute of limitations that begins when plaintiff knew or should have known that a breach occurred. See DelCostello v. International Brotherhood of Teamsters, 103 S.Ct. 2281, 2293-94 (1983); Barrow v. New Orleans Steamship Association, 10 F.3d 292, 299-300 (5th Cir. 1994); Nelson v. Local 854 Dock Loaders and Unloaders of Freight Cars and Barges Union, 993 F.2d 496, 498-99 (5th Cir. 1993) (per curiam).

Plaintiff was notified by letter dated September 17, 2001, that he would not receive seniority credit for hours worked as a superintendent after September 21, 2001.[20] On October 1, 2002, plaintiff learned that his appeal of this decision was denied.[21] Plaintiff filed suit on December 13, 2003, more than six months

---

[19]Plaintiff denies bringing a 29 U.S.C. § 185 breach of contract claim against his employer, J.J. Flanagan, because the employer was "doing the right thing" and paying its contribution on plaintiff's behalf to the Funds. See Plaintiff's Response to Defendant's Third Motion for Summary Judgment, Docket Entry No. 37, p. 16. Conspicuously absent from plaintiff's response to defendant's motion for summary judgment is any argument regarding the statute of limitations issue.

[20]Appendix to Defendant's Third Motion for Summary Judgment, Docket Entry No. 35, Tab B-5.

[21]Plaintiff's Second Amended Complaint, Docket Entry No. 33, p. 5 ¶ 15.

after plaintiff knew that his appeal was denied. Plaintiff's claim is therefore barred by limitations.[22]

**B. Is Local 1351 a Proper ERISA Defendant?**

Plaintiff's Second Amended Complaint seeks a declaratory judgment concerning his right to ERISA benefits.[23] The Fifth Circuit has allowed ERISA actions against an employer for the denial of benefits when the employer was both the plan administrator and sponsor. See Musmeci v. Schwegmann Giant Super Markets, Inc., 332 F.3d 339, 349-50 (5th Cir. 2003). An ERISA plan sponsor for a multi-employer plan means "in the case of a plan established or maintained by two or more employers or jointly by one or more employers and one or more employee organizations, the association, committee, joint board or trustees, or other similar group of representatives of the parties who establish or maintain the plan." 29 U.S.C. § 1002(16)(b). A plan administrator is the person specifically designated by the instrument under which the plan is operated. Id. at 16(A). If an administrator is not so designated, the plan sponsor is the plan administrator. Id. Martha Morgan is the co-administrator of the Funds. Since Local

---

[22]Since the court has concluded that plaintiff's LMRA claim is barred by limitations, it is not necessary to reach defendant's argument that plaintiff was not covered by the collective bargaining agreement because he was a supervisor.

[23]Plaintiff's Second Amended Complaint, Docket Entry No. 33, pp. 1-2 ¶ 2.

1351 is neither the plan sponsor nor the plan administrator, it is not a proper ERISA defendant.[24]

## C. Plaintiff's Failure to Show Damages

Plaintiff's complaint stems from Local 1351's failure to credit his hours worked as a superintendent beginning on September 21, 2001, as seniority hours. According to plaintiff, this failure also adversely affects his retirement benefits.[25]

Contrary to plaintiff's assertions, he has been unable to show any actual harm from Local 1351's refusal to credit his hours worked as a superintendent toward seniority. The evidence instead shows that benefits under the Funds are not related to Local 1351's refusal to count plaintiff's hours worked as a superintendent since September 21, 2001, as hours for seniority purposes.

Plaintiff argues that because his seniority hours do not count, he is considered a Class C (retired) under the hiring hall rules. Plaintiff then incorrectly argues that he is subject to the Maritime Association's ILA's Pension Plan (Pension Plan), which defines an employee's non-credit hours as hours for which the

---

[24] In his response to Defendant's Third Motion for Summary Judgment plaintiff recites a list of "improper conduct" committed by Local 1351 in an attempt to allege some type of control by Local 1351 over the ERISA Funds. See Plaintiff's Response to Defendant's Third Motion for Summary Judgment, Docket Entry No. 37, pp. 3-4. The facts recited are either not borne out by the evidence submitted, or have no bearing on the issue.

[25] Plaintiff's Second Amended Complaint, Docket Entry No. 33, p. 3 ¶ 11.

employee was compensated by an employer but was not an employee. According to plaintiff, J.J. Flanagan's contribution to the Pension Plan will not be credited because plaintiff is not considered an employee or an active participant. Plaintiff argues that his benefits will therefore not be allowed to vest.[26]

The evidence does not support plaintiff's argument. Martha Morgan, co-administrator of the Retirement Fund, testified that plaintiff is not subject to the Pension Plan, but instead, is subject to the Maritime Association ILA's Retirement Plan (Retirement Plan).[27] The Pension Plan was frozen in 1996 and was replaced by the Retirement Plan.[28]

The records kept by the Retirement Plan also reflect that the Retirement Plan has credited plaintiff with the hours worked as a superintendent from 2001 until 2005.[29] Plaintiff, in his

---

[26] Plaintiff's Second Amended Complaint, Docket Entry No. 33, pp. 8-10 ¶¶ 27-32.

[27] Plaintiff seems to tacitly acknowledge this since plaintiff attached the Retirement Plan, not the Pension Plan, to his Response to Defendant's Third Motion for Summary Judgment. See Plaintiff's Response to Defendant's Third Motion for Summary Judgment, Docket Entry No. 37, Tab G.

[28] Martha Morgan's Deposition by Written Questions, ¶ 8, contained in Plaintiff's Response to Defendant's Third Motion for Summary Judgment, Docket Entry No. 37, Tab F.

[29] Maritime Association ILA letter dated June 23, 2005, p. 2, contained in Plaintiff's Response to Defendant's Third Motion for Summary Judgment, Docket Entry No. 37, Tab E. J.J. Flanagan terminated plaintiff's employment in June of 2005. See Plaintiff's Response to Defendant's Third Motion for Summary Judgment, Docket Entry No. 37, p. 25 (Affidavit of A.D. Perry).

deposition, acknowledged that his employer paid appropriate contributions on his behalf into the Funds during this period.[30]

Under the Retirement Plan a vested interest is the portion of a member's account that is nonforfeitable.[31] When a member has five or more years of vesting service the member has a 100 percent vested interest in his or her account.[32] A year of vesting service is a year in which the member has worked 1,000 or more hours of service.[33] The right to become a vested participant in the plan does not depend on whether the employee is carried on the rolls of a local ILA union.[34] The Retirement Plan has credited plaintiff with more than 1,000 hours of service for his work from 1997 onward, including 2001 through 2004.[35] Martha Morgan testified that plaintiff's benefits have, in fact, vested with the Retirement

---

[30]Deposition of A.D. Perry, pp. 8-9, contained in Defendant's Appendix to its Third Motion for Summary Judgment, Docket Entry No. 35, Tab A.

[31]Maritime Association ILA's Retirement Plan, p. I-7 ¶ 1.1(36), contained in Plaintiff's Response to Defendant's Third Motion for Summary Judgment, Docket Entry No. 37, Tab G.

[32]Id. at p. VII-1, ¶ 7.2.

[33]Id. at p. VII-1, ¶ 7.3.

[34]Martha Morgan's Deposition by Written Questions, ¶ 13, contained in Plaintiff's Response to Defendant's Third Motion for Summary Judgment, Docket Entry No. 37, Tab F.

[35]See Maritime Association ILA letter dated June 23, 2005, p. 2, contained in Plaintiff's Response to Defendant's Third Motion for Summary Judgment, Docket Entry No. 37, Tab E.

Plan.[36] Plaintiff has failed to show that his loss of seniority hours impacted his ERISA benefits under the Funds.

D.  **Declaratory Judgment**

Plaintiff argues that he is entitled to a declaratory judgment.[37] Federal law allows district courts to fashion declaratory judgment relief "in a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201; see also FED. R. CIV. P. 57. An "actual controversy" under section 2201 has the same meaning as "case or controversy" under Article III of the United States

---

[36]Martha Morgan's Deposition by Written Questions, ¶ 12, contained in Plaintiff's Response to Defendant's Third Motion for Summary Judgment, Docket Entry No. 37, Tab F. Plaintiff's response argues that Union President Derryl Wood stated in his deposition testimony that a member has to work for 20 or more years to vest for retirement purposes. See Plaintiff's Response to Defendant's Third Motion for Summary Judgment, Docket Entry No. 37, p. 14. However, Mr. Wood was referring to retirement with respect to seniority, not with respect to vesting. See Deposition of Derryl Wood, p. 23, contained in Plaintiff's Second Amended Response to Defendant's Motion for Summary Judgment, Docket Entry No. 29, Exhibit D.

[37]Plaintiff also argues that because of previous litigation, defendant should be collaterally estopped from refusing to recognize a Superintendent's hours for seniority credit. Collateral estoppel is not appropriate here because the issues in the two lawsuits are not identical. See Matter of Lewisville Properties, Inc., 849 F.2d 946, 949-50 (5th Cir. 1988). The previous lawsuit involved payment of pension, welfare, and vacation funds by the employer, and did not involve counting of seniority hours. See Settlement Agreement, contained in Plaintiff's Original Response to Defendant's Motion for Summary Judgment, Docket Entry No. 14, Exhibit A. Contrary to plaintiff's assertions, the previous lawsuit did not address the ILA's counting of seniority hours under the hiring hall rules.

Constitution. Lawson v. Callahan, 111 F.3d 403, 405 (5th Cir. 1997). To have standing to sue, a litigant must show that "'(1) he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant' [injury in fact]; (2) 'that the injury fairly can be traced to the challenged action' [causation]; and (3) that the injury 'is likely to be redressed by a favorable decision' [redressability]." Id. (quoting Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 102 S.Ct. 752, 758-59 (1982)).

Plaintiff does not meet any of the three requirements. Despite the multiple opportunities the court has given him, plaintiff has not shown that he suffered or will suffer any actual loss of ERISA benefits. The Funds co-administrator stated that plaintiff is vested in the Retirement Plan, and plaintiff has presented no evidence to the contrary. The injury plaintiff complains of, failure to credit hours worked from September 21, 2001, to June of 2005 as seniority hours has no demonstrable relation to plaintiff's Retirement Fund benefits. Finally, even were the court to grant relief as requested by plaintiff, plaintiff's ERISA Retirement Fund would not be affected because the defendant in this action, Local 1351, is not the ERISA plan administrator, and the actual ERISA plan administrator is not a party before this court.

## IV. Conclusions and Order

For the reasons explained above, the court concludes that the statute of limitations bars plaintiff's LMRA claims, Local 1351 is not the proper ERISA defendant, and plaintiff has failed to allege any actual harm. Accordingly, Defendants' Motion for Summary Judgment (Docket Entry No. 34) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 4th day of October, 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE